Sheila A.G. Armbrust (SBN 265998)
Sarah A. Hemmendinger (SBN 298659)
sarmbrust@sidley.com
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Daniel D. Rubinstein (SBN 178896)
Christopher Y. Lee (*admitted pro hac vice*)
Gina R. Bohannon (*admitted pro hac vice*)
drubinstein@sidley.com
chris.lee@sidley.com
gbohannon@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendant*
*FTI CONSULTING LLP*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIN WANG and KEVIN LU,<br><br>Plaintiffs,<br><br>v.<br><br>FTI CONSULTING LLP,<br><br>Defendant. | Case No. 5:24-cv-09224-EKL<br><br>**DEFENDANT FTI CONSULTING LLP'S ADMINISTRATIVE MOTION TO FILE CERTAIN PORTIONS OF THREE EXHIBITS UNDER SEAL**<br><br>Assigned to: Hon. Eumi K. Lee<br><br>Place: Courtroom 7, 4th Floor<br><br>Complaint Filed: December 19, 2024 |

1   Pursuant to Civil Local Rules 7-11 and 79-5, Defendant FTI Consulting LLP ("FTI") moves
2  to seal certain portions of three exhibits filed in support of its Motion to Dismiss Plaintiffs'
3  Complaint. Specifically, FTI seeks to file under seal the billing rates it charged clients. This
4  information is FTI's highly confidential business information and disclosure would cause
5  competitive harm by allowing competitors to adjust their own prices based on FTI's rates.

## LEGAL STANDARD

A party seeking to seal a judicial record submitted in connection with a dispositive motion must have "compelling reasons" to do so. *See Kamakana v. City & Cnt. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Courts have found that there are compelling reasons to seal "sources of business information that might harm a litigant's competitive standing." *See, e.g.*, *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008).

## ARGUMENT

Compelling reasons exist to seal FTI's billing rates. This information is sensitive business information that FTI does not share publicly in order to maintain a competitive advantage in the marketplace. Public disclosure of this confidential information would potentially allow others to gain a competitive advantage over FTI because they could adjust their own pricing based on FTI's billing rates, whereas FTI does not generally have access to the rates of its competitors. *See* Declaration of Jamie Kase ("Kase Decl.") ¶ 6. Courts in this district have found that the potential for competitive harm justifies allowing filing certain business and financial information under seal. *See, e.g.*, *Day v. GEICO Cas. Co.*, 2023 WL 6558404, at *2 (N.D. Cal. Sept. 21, 2023); *Am. Auto Ass'n of N. Cali., Nev., & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019).

The proposed sealing is also narrowly tailored. FTI does not seek to redact any of its motion or any documents in their entirety, but seeks only to redact specific confidential business information (billing rates) from three exhibits supporting its motion. No less restrictive means exist to protect FTI's overriding confidentiality interests. The specific portions that FTI requests to seal are set forth in the table below.

| ECF No. | Document | Portion(s) to Seal | Reason for Sealing |
|---|---|---|---|
| 23-3 | Hemmendinger Declaration Exhibit 3 | Highlighted portions on PDF page 5 | Contains Defendant FTI's confidential billing rates. *See* Kase Decl. ¶ 6. |
| 23-4 | Hemmendinger Declaration Exhibit 4 | Highlighted portions on PDF pages 7, 20, 22-28, 30-32, 34-63, 65-67, 69-93 | Contains Defendant FTI's confidential billing rates. *See* Kase Decl. ¶ 6. |
| 23-5 | Hemmendinger Declaration Exhibit 5 | Highlighted portions on PDF pages 7, 20, 22-28, 30-32, 34-63, 65-67, 69-93 | Contains Defendant FTI's confidential billing rates. *See* Kase Decl. ¶ 6. |

Additionally, the information FTI seeks to seal is not relevant to FTI's Motion to Dismiss Plaintiffs' Complaint. FTI's Motion to Dismiss Plaintiffs' Complaint seeks dismissal for two reasons: (1) under Federal Rule of Civil Procedure 12(b)(2), this Court lacks personal jurisdiction over FTI, and (2) Plaintiffs' complaint should be dismissed on *forum non conveniens* grounds because it is duplicative of pending claims that Plaintiffs raised over a year ago in England. FTI's billing rates are not relevant to either of those arguments.

Finally, pursuant to Civil Local Rule 7-11(a), counsel for FTI asked Plaintiffs if they would consent to FTI redacting its billing rates in the publicly-filed versions of the exhibits to its Motion to Dismiss Plaintiffs' Complaint, but Plaintiffs did not provide their consent. *See* Declaration of Christopher Y. Lee ¶ 4.

## CONCLUSION

For the foregoing reasons, FTI respectfully requests that the Court grant its Administrative Motion to File Certain Portions of Three Exhibits Under Seal.

| | |
|---|---|
| Date: February 7, 2025 | SIDLEY AUSTIN LLP |
| | By: */s/ Sarah A. Hemmendinger* |
| | Sheila A.G. Armbrust (SBN 265998) |
| | Sarah A. Hemmendinger (SBN 298659) |
| | sarmbrust@sidley.com |
| | shemmendinger@sidley.com |
| | SIDLEY AUSTIN LLP |
| | 555 California St., Suite 2000 |
| | San Francisco, CA 94104 |
| | Telephone: (415) 772-1200 |
| | Facsimile: (415) 772-7400 |
| | |
| | Daniel D. Rubinstein (SBN 178896) |
| | Christopher Y. Lee (*admitted pro hac vice*) |
| | Gina R. Bohannon (*admitted pro hac vice*) |
| | drubinstein@sidley.com |
| | chris.lee@sidley.com |
| | gbohannon@sidley.com |
| | SIDLEY AUSTIN LLP |
| | One South Dearborn Street |
| | Chicago, IL 60603 |
| | Telephone: (312) 853-7000 |
| | Facsimile: (312) 853-7036 |
| | |
| | *Attorneys for Defendant* |
| | *FTI CONSULTING LLP* |